1
2
3
4
5
6                        UNITED STATES DISTRICT COURT
                         WESTERN DISTRICT OF WASHINGTON
7                                  AT TACOMA

8   LORELIE H. HAMPTON,

                            Plaintiff,              Case No. 3:15-cv-05686-RJB
9
                 v.                                 ORDER REVERSING AND
10                                                  REMANDING DEFENDANT'S
    CAROLYN W. COLVIN, Acting Commissioner          DECISION TO DENY BENEFITS
11  of Social Security,

12                          Defendant.

13          Plaintiff Lorelie H. Hampton seeks review of the denial of her application for disability

14  insurance benefits. Plaintiff contends that the administrative law judge ('ALJ') erred in evaluating

15  the medical evidence, plaintiff's credibility, plaintiff's residual functional capacity ('RFC'), and

16  plaintiff's ability to perform other jobs in the national economy. Dkt. 9 at 1. As discussed below,

17  the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for an

18  immediate award of benefits.

19                                      **BACKGROUND**

20          On August 27, 2010, plaintiff filed an application for disability insurance benefits,

21  alleging disability as of October 15, 1997. Dkt. 5, Administrative Record ('AR') 1176. Plaintiff's

22  date last insured was December 31, 2002. AR 1136. Plaintiff's applications were denied initially

23  and on reconsideration. AR 1176. After the ALJ conducted a hearing on November 9, 2011, the

ORDER - 1

1  ALJ issued a decision finding plaintiff not disabled. AR 1176-88. That decision was reversed and

2  remanded by this Court. AR 1136. After the ALJ conducted another hearing on September 24,

3  2014, the ALJ issued a second decision finding plaintiff not disabled. AR 1136-49.

4  ## THE ALJ'S DECISION

5  Utilizing the five-step disability evaluation process,[1] the ALJ found:

6  **Step one:** Plaintiff did not engage in substantial gainful activity from her alleged onset
   date of October 15, 1997, through her date last insured of December 31, 2002.

7
8  **Step two:** Through her date last insured, plaintiff had the following severe impairments:
   back disorder, fibromyalgia, PTSD/anxiety, and depression.

9  **Step three:** Through her date last insured, plaintiff's impairments did not meet or equal
   the requirements of a listed impairment.[2]

10
11 **Residual Functional Capacity:** Through her date last insured, plaintiff had the ability to
   perform sedentary work with the following additional limitations: She required the ability
   to take brief (10 seconds or less) stretch breaks. She could have frequent interaction with
12 the general public, co-workers, and supervisors.

13 **Step four:** Through her date last insured, plaintiff was unable to perform any past
   relevant work.
14
15 **Step five:** As there were jobs that existed in significant numbers in the national economy
   that plaintiff could have performed through her date last insured, plaintiff was not
   disabled.
16
17 *See* AR 1138-48. The Appeals Council denied plaintiff's request for review, making the ALJ's

   decision the Commissioner's final decision. AR 1125-31.[3]
18
19 ## DISCUSSION

20 Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

21 social security benefits if the ALJ's findings are based on legal error or not supported by

22
   _____
   [1] 20 C.F.R. § 416.920.
23 [2] 20 C.F.R. Part 404, Subpart P, Appendix 1.
   [3] The rest of the procedural history is not relevant to the outcome of the case and is thus omitted.

ORDER - 2

substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

### I.   Medical Evidence

Plaintiff asserts that the ALJ erred in assessing the medical evidence in the record. *See* Dkt. 9 at 4-13. The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r, Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). When a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31.

### a.   Dr. Irvin

1    Specifically, plaintiff argues that the ALJ erred by failing to give a specific and legitimate

2    reason supported by substantial evidence for discounting the opinion of treating physician

3    Lieutenant Colonel Thomas Irvin, M.D. *See* Dkt. 9 at 6-7. The Court agrees.

4        On June 11, 1997, Dr. Irvin wrote that plaintiff would likely continue to be troubled for

5    the rest of her life by episodic flares of fibromyalgia, resulting in fatigue, swelling, headaches,

6    and other symptoms. *See* AR 416. Dr. Irvin opined that plaintiff had difficulty keeping a regular

7    work schedule because of these symptoms and would be "unfit for continued duty." *See id*. The

8    ALJ gave Dr. Irvin's opinion "some weight" but found that the opinion was not contradictory to the

9    finding that plaintiff could perform other work because Dr. Irvin specifically meant that plaintiff

10   was unfit to be a nurse on active military duty. *See* AR 1143.

11       However, though the ALJ dismissed the idea that plaintiff was unfit for work in general,

12   the ALJ gave no reasons to dismiss the functional workplace limitations contained in Dr. Irvin's

13   opinion. *See id*. Certainly, the headaches, irritable bowel symptoms, fatigue, and widespread

14   musculoskeletal discomfort that Dr. Irvin cited would cause difficulty in keeping any work

15   schedule, not just that of a military nurse. The only accommodation to a full-time schedule in the

16   RFC assessed by the ALJ was the ability to take brief, 10-second stretch breaks. *See* AR 1140.

17   The ALJ may not dismiss Dr. Irvin's opinion that plaintiff's impairments kept her from

18   completing an entire workweek without interruptions from her symptoms without giving any

19   reason. *See Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984)

20   (ALJ must explain why significant probative evidence has been rejected). Therefore, the ALJ

21   erred by failing to provide a specific and legitimate reason not to incorporate Dr. Irvin's opined

22   limitations into the RFC.

23       The Ninth Circuit has "recognized that harmless error principles apply in the Social

ORDER - 4

Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted). The court noted the necessity to follow the rule that courts must review cases "without regard to errors' that do not affect the parties' 'substantial rights.'" *Id.* at 1118 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111) (codification of the harmless error rule)).

Had the ALJ fully credited the opinion of Dr. Irvin, the RFC could have included additional limitations, as could the hypothetical questions posed to the vocational expert. As the ALJ's ultimate determination regarding disability was based on the testimony of the vocational expert on the basis of an improper hypothetical question, the error affected the ultimate disability determination and is not harmless.

### b.  Dr. Hunt

Plaintiff also argues that the ALJ erred in evaluating the opinion of treating physician Stephen Hunt, M.D. *See* Dkt. 9 at 7-9. The Court agrees.

On April 6, 2012, Dr. Hunt completed a fibromyalgia medical source statement. *See* AR 1331-35. In that statement, Dr. Hunt opined that plaintiff had several postural limitations beginning as early as 1995. *See id*. Ultimately, Dr. Hunt opined that plaintiff would incapable of even low-stress work, would be off task 25% or more of a typical workday, and would likely be absent from work more than four days per month as a result of her impairments. *See* AR 1334.

The ALJ gave this opinion little weight because plaintiff's ability to tolerate low-stress work was demonstrated by her ability to care for her children on her own and because her abilities to stand and walk for more than 30 minutes in a workday and lift 10 pounds more than rarely were demonstrated by her "relocation efforts" in 2003. *See* AR 1143. An ALJ may reject a physician's conclusion that a claimant suffers from marked limitations if other evidence of the claimant's ability to function contradicts that conclusion. *See Morgan*, 169 F.3d at 601-02.

However, substantial evidence does not support the contradictions that the ALJ inferred here. The ALJ stated that plaintiff was the only adult at home during her husband's absence in 2002, but the record shows that plaintiff had substantial assistance from other friends and family because she was limited to parenting "from the couch," and that while she had to do more around the house when her husband was gone, it exacerbated her pain. *See* AR 260, 1143, 1230-31. Taken as a whole, this evidence does not contradict Dr. Hunt's opinion that plaintiff could not perform even low-stress work on her own in the setting of a full-time workplace. Similarly, the ALJ cited one page of the record that described how plaintiff was "packing things" for her family's move to Washington, but the record provides no details about whether plaintiff was doing any lifting or walking in a way that would contradict Dr. Hunt's opinion about her workplace limitations. *See* AR 262, 1143. Therefore, the ALJ provided no specific and legitimate reason supported by substantial evidence to discredit Dr. Hunt's opinion.

### c.  Dr. Balentine

Plaintiff argues that the ALJ erred by discounting the opinion of treating physician Larry Balentine, M.D. *See* Dkt. 9 at 9-10. The Court agrees.

In a fibromyalgia medical source statement, Dr. Balentine opined to nearly identical limitations as those opined to by Dr. Hunt. *See* AR 838-42. The ALJ discounted this opinion

ORDER - 6

because Dr. Balentine did not provide an onset date for these limitations. *See* AR 1143. In its

remand order, the Appeals Council directed the ALJ to give consideration to the treating source

opinions and request additional evidence from treating sources as necessary. *See* AR 1218. If the

ALJ was uncertain about the time frame to which Dr. Balentine's opinion applied, the ALJ should

have made an effort to get that information. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th

Cir. 2001) (where the record contains ambiguous evidence or the ALJ has found that the record

is inadequate to allow for proper evaluation, the ALJ's duty to "conduct an appropriate inquiry" is

triggered). The ALJ also found Dr. Balentine's opinion inconsistent with plaintiff's activities, but

as discussed above in relation to Dr. Hunt's similar opinion, that reason is not supported by

substantial evidence. *See supra*, section I, b. Therefore, the ALJ erred by failing to provide a

specific and legitimate reason to discount the opinion of Dr. Balentine.

## II.   Remand for an award of benefits

Plaintiff alleges that the ALJ erred in several other areas, including evaluating plaintiff's

Veterans Administration disability rating, plaintiff's credibility, and the testimony of lay

witnesses. *See* Dkt. 9 at 10-18. However, considering the ALJ's errors in evaluating the opinions

of all of the treating physicians, the final question requiring resolution is whether the Court

should, at its discretion, remand this case for further proceedings or for an award of benefits.

Under the Social Security Act, "courts are empowered to affirm, modify, or reverse a decision by

the Commissioner 'with or without remanding the cause for a rehearing.'" *Garrison v. Colvin*, 759

F.3d 995, 1019 (9th Cir. 2014) (emphasis in original) (quoting 42 U.S.C. § 405(g)). Although a

court should generally remand to the agency for additional investigation or explanation, a court

has discretion to remand for immediate payment of benefits. *Treichler v. Comm'r, Soc. Sec.

Admin.*, 775 F.3d 1090, 1099-1100 (9th Cir. 2014). The issue turns on the utility of further

1   proceedings. A remand for an award of benefits is appropriate when no useful purpose would be

2   served by further administrative proceedings or when the record has been fully developed and

3   the evidence is insufficient to support the Commissioner's decision. *Id*. at 1100.

4         Here, no additional proceedings would be useful. Plaintiff has already had two hearings

5   before ALJ Wayne N. Araki, including one hearing after the Commissioner stipulated to a

6   remand of the ALJ's first decision denying benefits. *See* AR 30-72, 1155-72, 1203-04. The

7   Appeals Council ordered the ALJ to give consideration to the treating source opinions, providing

8   legally sufficient reasons if the opinions were discredited. *See* AR 1218. For a second time, the

9   ALJ failed to do so. All of the treating physicians who offered an opinion on plaintiff's functional

10   capacities indicated that she would not be able to complete a normal workweek without

11   interruptions from her symptoms. *See* AR 416, 842, 1334. Dr. Hunt and Dr. Balentine

12   specifically opined that plaintiff would miss more than four days per month as a result of her

13   impairments. *See* AR 842, 1334. When asked at the first hearing if a person who missed more

14   than two days of work a month would be able to maintain employment, the vocational expert

15   testified that she would not. *See* AR 70. Therefore, crediting the opinions of the treating

16   physicians as true, plaintiff would be required to be found disabled on remand. *See Garrison*,

17   759 F.3d at 1020.

18         Accordingly, the Court finds that the record has been fully developed in this case, and

19   that remanding for further proceedings "would serve no further purpose." *Smolen v. Chater*, 80

20   F.3d 1273, 1292 (9th Cir. 1996); *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001).

21   Indeed, allowing the Commissioner to decide these issues again "would create an unfair 'heads, we

22   win; tails, let's play again' system of disability benefits adjudication." *Benecke v. Barnhart*, 379

23   F.3d 587, 595 (9th Cir. 2004); *see also Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004)

ORDER - 8

(noting that the "Commissioner, having lost this appeal, should not have another opportunity . . . any more than [the claimant], had he lost, should have an opportunity for remand and further proceedings."). Because review of the record as a whole does not create serious doubt that plaintiff is disabled, the Court remands the case for an immediate award of benefits.

**CONCLUSION**

For the foregoing reasons, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for an immediate award of benefits.

DATED this 25th day of February, 2016.

ROBERT J. BRYAN
United States District Judge

ORDER - 9